IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL RAMOS,<br>        ID #11015-509,<br>                Movant,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br>                Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>No. 3:24-CV-2403-E<br>(No. 3:20-CR-185-E-21) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Rafael Ramos's amended *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 5). For the reasons detailed herein, Ramos's motion is DENIED, and this action is DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

Ramos challenges his conviction and sentence in Cause No. 3:20-CR-185-E-21 under 28 U.S.C. § 2255. The respondent is the United States of America ("Government").

### A.  Conviction and Sentencing

After being charged with two counts in a multi-defendant, 17-count second superseding indictment, Ramos pled guilty under a plea agreement to one count of possession with intent to distribute a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. *See* Crim. Docs. 47, 645, 673. Among other provisions, Ramos's plea agreement contained an appeal and collateral review waiver. *See* Crim. Doc. 645 at 6. In that waiver, Ramos waived his right to appeal his conviction and sentence and his right to otherwise contest his conviction and sentence in a collateral proceeding, including under § 2255, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum

punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or the appeal and collateral review waiver, and (c) to bring a claim of ineffective assistance of counsel. *See id.*

At his re-arraignment on September 15, 2022, Ramos acknowledged under oath that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal or otherwise challenge his convictions or sentences except in the very limited circumstances of directly appealing a sentence that exceeds the statutory maximum punishment or that is based on a mathematical error at sentencing, challenging the voluntariness of his guilty plea or the appeal and collateral review waiver, and bringing a claim of ineffective assistance of counsel. *See* Crim. Doc. 870 at 7-9, 16-18. Ramos further acknowledged that he voluntarily and of his own free will entered into the plea agreement, and that aside from the written plea agreement, no one made any other promise or assurance to him of any kind to induce him to plead guilty, and no one mentally, physically, or in any other way attempted to force him to plead guilty. *See id.* at 18. The Court found that his guilty plea was knowing and voluntary. *See id.* at 22-23; Crim Docs. 675, 699.

The Court sentenced Ramos to 151 months of imprisonment, to be followed by five years of supervised release. *See* Crim. Doc. 823. On direct appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit dismissed the appeal on November 30, 2023. *See United States v. Ramos*, No. 23-10450, 2023 WL 8271972 (5th Cir. Nov. 30, 2023). Ramos did not file a petition for a writ of certiorari with the Supreme Court.

## B. Substantive Claims

Ramos timely filed his amended § 2255 motion on October 15, 2024, wherein he asserts two grounds for relief that appear to challenge the sufficiency of the evidence to support his

conviction and sentence calculations under the sentencing guidelines. *See* Doc. 5 at 7. The Government filed a response on December 23, 2024. *See* Doc. 7. Ramos did not file a reply.

## II. SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III. ANALYSIS

In his first ground for relief, Ramos contends that, as to the possession aspect of his offense, "[n]o evidence was shown to me on those delivery make & yr of the vehicle I do not own." Doc. 5 at 7. In his second ground for relief, he contends that, regarding the aiding and abetting portion of his offense, he did "not have control of who or what was going on in that house[.] I was focusing on my jobs & school." *Id.* Ramos does not otherwise develop or explain his grounds for relief. In the absence of any further development or explanation of his claims, the Court understands Ramos's allegations to challenge the sufficiency of the evidence to support his conviction and sentence enhancements under the sentencing guidelines.

The Government argues that Ramos's claims are barred by the collateral review waiver in his plea agreement, procedurally barred, not cognizable on federal review, and fatally conclusory. *See* Doc. 7 at 5-8.

**A.  Waiver**

The plea agreement waiver in this case bars all claims on collateral review under § 2255, except for those that go to the voluntariness of Ramos's guilty plea or the appeal and collateral review waiver and the ineffectiveness of counsel.  *See* Crim. Doc. 645 at 6.  Ramos does not challenge the voluntariness of his guilty plea or the collateral review waiver, nor does he contend in his claims that counsel rendered ineffective assistance.  Accordingly, even if the Court assumes *arguendo* that Ramos's claims are cognizable under § 2255, they are barred by his informed and voluntary collateral review waiver.

The Court notes that the Fifth Circuit recognizes exceptions to an informed and voluntary plea agreement waiver where ineffective assistance of counsel claims affecting the validity of the collateral review waiver or guilty plea are involved, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'" *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White*, 307 F.3d 335, 343 n.4 (5th Cir. 2002)).  These exceptions are inapplicable here; as noted, Ramos does not claim that his counsel was ineffective in any way, much less in any way that affected the validity of his collateral review waiver or guilty plea, and he does not allege that his sentence exceeded the applicable statutory maximum.  He therefore has failed to show that an exception to his plea agreement waiver applies.

Because Ramos's claims are barred by the knowing and voluntary collateral review waiver in his plea agreement, and because he has failed to show that any exception to that waiver applies,

he is not entitled to § 2255 relief on his claims. The Court therefore denies Ramos's claims on this basis.

## B.  Procedural Bar

Even if the Court assumes that Ramos's collateral review waiver did not bar his claims challenging the sufficiency of the evidence to support his conviction and sentence enhancements under the sentencing guidelines, his claims still fail.

Because "a collateral challenge may not do service for an appeal," a § 2255 movant's failure to raise a claim on direct appeal may procedurally bar him from raising it on collateral review. *Shaid*, 937 F.2d at 231 (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)); *see also Willis*, 273 F.3d at 595. To overcome this bar and collaterally attack a conviction on grounds of error omitted from his direct appeal, a movant must show "cause" for the omission and "'actual prejudice' resulting from the error," or a fundamental miscarriage of justice, i.e., that he is actually innocent of the offense of conviction. *Shaid*, 937 F.2d at 232 (internal quotation marks omitted).

Here, Ramos has not shown any viable reason for his failure to raise his grounds for relief on direct appeal or actual prejudice. Although he appears to state that he did not previously present his claims because he "never saw evidence or Brady material shown to me at any time" despite numerous requests, he fails to explain how this caused his default. Doc. 5 at 8. Even if he had provided such an explanation, he still fails to allege and show actual prejudice resulting from the alleged errors. Additionally, Ramos fails to establish actual innocence of his offense of conviction. Even if the Court liberally construes his allegations about a vehicle that he "do[es] not own"[1] and

---

[1] The Court understands Ramos to be referring to the car he was driving when he conducted the subject drug transaction of his offense; in his factual resume, Ramos agreed that a codefendant (and housemate) coordinated a meeting in a restaurant parking lot between Ramos, who was driving a Mercedes, and another individual, who was driving a Nissan, at which meeting Ramos conducted the drug transaction. *See* Crim. Doc. 647 at 2-3; Crim. Doc. 758-1 at ¶ 28.

his lack of "control of who or what was going on in that house"[2] as arguing actual innocence, such allegations, at best, merely challenge the legal sufficiency of his offense conduct; they do not establish his factual innocence of the offense.  Doc. 5 at 7; *see also United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) ("Actual innocence means 'factual innocence, and not mere legal insufficiency.'") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  As such, Ramos fails to establish that he is actually innocent of his offense of conviction, and the actual innocence exception to the procedural bar does not apply to Ramos's claims.

Because Ramos has not shown cause and actual prejudice or a fundamental miscarriage of justice to excuse his failure to raise his grounds for relief on direct appeal, his claims are procedurally defaulted and barred from consideration under § 2255.  The Court therefore denies Ramos's claims on this additional basis.[3]

## IV.  EVIDENTIARY HEARING

To the extent Ramos seeks an evidentiary hearing on his claims, an evidentiary hearing under § 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'"  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).  Because Ramos has failed to present independent indicia in support of the likely merit of his claims, he has failed to demonstrate that he is entitled to an evidentiary hearing.

---

[2] The Court understands Ramos to be referring to the residence he shared with two of his codefendants, where narcotics, loaded firearms, and cash drug proceeds were found by law enforcement.  *See* Crim. Doc. 758-1 at ¶¶ 17, 30.  In the presentence investigation report prepared by the United States Probation Office in the underlying criminal case, several offense levels were added to Ramos's base offense level for sentencing purposes based on the imported narcotics, drug proceeds, and firearms found in the residence.  *See id.* at ¶¶ 40-42.

[3] The Government advances additional alternative interpretations and bases for denial of Ramos's claims.  *See* Doc. 7 at 6-7.  The Court does not address these additional arguments given that Ramos's claims are barred by the collateral review waiver in his plea agreement and procedurally defaulted, as discussed.

## V.  CONCLUSION

For the foregoing reasons, Ramos's amended *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 5), is DENIED, and this action is DISMISSED WITH PREJUDICE.

SO ORDERED this 29th day of April, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE